[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has moved to strike the Special Defenses and Counterclaim filed by the defendant, Daniel A. Abate, to this foreclosure action.
The First Special Defense alleges that during the time of its CT Page 9016 ownership and servicing of the loan, First Nationwide Bank, the plaintiff's assignor, failed to comply with the terms and requirements of state and federal truth in lending laws, and regulations promulgated thereunder, Connecticut General Statutes §§36-393, et seq., and 15 U.S.C. § 1601, et seq., by failing to notify the defendants Daniel and Miriam Abate of the appropriate interest rate changes, failing to enact the appropriate interest rate changes, and failing to credit payments properly. Abate alleges that the aforementioned violation of the truth in lending laws resulted in an improper statement of amounts owed.
The Connecticut Practice Book § 109A requires that in all claims grounded upon a statute, the statute shall be specifically identified by its number. Abate has failed to identify the statute or statutes which were allegedly violated by the plaintiff's assignor. However, the plaintiff has not requested a revision of the First Special Defense and has not based its motion to strike on the failure to comply with § 109A. Therefore, the court will construe the First Special Defense as alleging a violation of some
statute within the state or federal truth in lending laws.
Connecticut General Statutes § 36-407(h)[1] permits a consumer to claim a violation of the Connecticut truth in lending laws (Connecticut General Statutes Chapter 657) as a special defense in an action to collect amounts owed by the consumer. Based on the foregoing, the Motion to Strike the First Special Defense is denied.
The Second Special Defense is identical to the first, but adds an allegation that the violation of the truth in lending laws by the plaintiff's assignor estops the plaintiff from bringing this action. Neither the state nor the federal statutes concerning truth in lending contain any provision whereby a violation of the disclosure requirements of those statutes estops the violator from seeking to recover amounts due from borrowers. The defendant has offered no authority to support his claim of estoppel. Therefore, the Motion to Strike the Second Special Defense is granted.
In his Counterclaim the defendant states that the plaintiff failed to inform him of the availability of homeowner credit counseling as required by 12 U.S.C. § 1701x(c)(5)(A). However, the defendant has not pled sufficient facts to fall within the purview of that statute. Section 1701x(c)(4) provides, in part, that a homeowner shall be eligible for home ownership counseling under that subsection if the applicant is a first time home buyer who CT Page 9017 meets the requirements of Section 303(b)(1) of the Cranston-Gonzalez Nation Affordable Housing Act, and the mortgage involves a principal obligation in excess of 97 percent of the appraised value of the property and is to be insured pursuant to Section 203 of the National Housing Act. In addition, 12 U.S.C. § 1701x does not create any private right of action.
For the foregoing reasons, the Motion to Strike the Counterclaim is granted.
By the Court, Aurigemma, J.